UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY L. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00248 AGF |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] following a bench trial on Plaintiff's claims for back pay and pension contributions. Plaintiff Larry Price, a former employee of the United States Department of Housing and Urban Development (HUD), filed this action against Defendant Alphonso Jackson, Secretary of HUD, claiming that Defendant breached a settlement agreement entered into by the parties to settle discrimination charges filed by Plaintiff against Defendant, and retaliated against Plaintiff and constructively discharged him in violation of Title VII of the Civil Rights Act of 1964. By Memorandum and Order dated July 7, 2005, the Court granted Defendant summary judgment on all of Plaintiff's claims except for his claim that Defendant breached the settlement agreement by not paying him the full amount of back pay and other monetary benefits contemplated therein. By agreement of the parties, this last issue was tried to the Court without a jury.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

On October 7, 2005, a bench trial was held on this remaining claim. After hearing the testimony, the parties agreed that the dispute centered on whether or not Plaintiff received a payment from Defendant in the amount of $14,661.76 on or about October 12, 2002. Defendant claimed that this amount was sent to Plaintiff's bank account, the same bank account as other payments called for under the settlement agreement; Plaintiff claimed that he never received this amount from Defendant. The parties further agreed that if in fact this payment was received by Plaintiff, he was paid all that was due and owing under the settlement agreement, and was in fact overpaid.[2] If the payment was not received, the parties agreed that there was an amount still due Plaintiff.

The Court granted the parties 45 days to present evidence in support of their respective claims regarding payment/receipt of the $14,661.76. On November 21, 2005 (the last day of the 45-day period), Defendant submitted to the Court a letter from a Personnel Pay Services Specialist with HUD stating that the National Financing Center had verified that payment was made to Plaintiff's bank account and was never returned to the United States Treasury. The letter further states that the National Finance Center's request to Plaintiff's bank for documentation concerning the payment was denied, but that "it was verified by a bank employee that the payment documentation was sent to [Plaintiff]."

---

[2] At the trial, Defendant stated that he was not seeking the return of any overpayment.

Plaintiff has not submitted any evidence of his own on the matter, nor has he filed a response to Defendant's November 21, 2005 submission. Based upon the testimony at the bench trial and the evidence submitted by Defendant, the Court concludes that Plaintiff did in fact receive the initial payment of $14,661.76, and that Defendant has, therefore, paid Plaintiff all the monies Plaintiff claimed were due and owed him under the settlement agreement in question.

Accordingly,

**IT IS HEREBY ORDERED** that Judgment is entered in favor of Defendant on Plaintiff's claim for monies owed under the settlement agreement.

All claims between the parties having now been resolved, a separate final Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of December, 2005.